UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steven J. Wilcox,

                Plaintiff,        Case No. 20-12991

v.                                  Judith E. Levy
                                      United States District Judge

Joshua Stephen Kalchert,
                                      Mag. Judge Kimberly G. Altman

                Defendant.

_____/

**OPINION AND ORDER TRANSFERRING CASE TO
THE UNITED STATES DISTRICT COURT FOR
<u>THE WESTERN DISTRICT OF MICHIGAN</u>**

Plaintiff Steven J. Wilcox filed this *pro se* complaint against Defendant Joshua Stephen Kalchert. (ECF No. 1.) Both Plaintiff and Defendant are inmates at the Alger Correctional Facility (LMF) in Munising, Michigan. (*Id.* at PageID.1.)

**I.    Background**

From September 2019 to April 2020, Plaintiff and Defendant were cellmates in the protective custody unit at LMF. (*Id.* at PageID.2.) Plaintiff has a "medical condition . . . which severely limits the use of his right arm," and Defendant was assigned to be his "handicap aide." (*Id.*)

Plaintiff alleges that on December 31, 2019, Defendant drugged, gagged, bound, sexually assaulted, forcibly tattooed, and physically assaulted him. (*Id.* at PageID.3–4.) He asserts that Defendant again sexually assaulted him on February 14, 2020, during which Defendant twice choked Plaintiff until he lost consciousness. (*Id.* at PageID.5.) Finally, Plaintiff alleges that Defendant violently sexually assaulted him on March 13, 2020. (*Id.* at PageID.6.) He explains that these assaults resulted in mental and physical trauma. (*Id.* at PageID.4–6.)

Plaintiff now seeks money damages "in excess of $75,000" for each of his three counts of "sexual assault/battery/intentional infliction of emotional distress." (*Id.*)

## II.  Jurisdiction

"[F]ederal courts are courts of limited jurisdiction." *Home Depot U. S. A., Inc. v. Jackson*, ___ U.S. ____, 139 S. Ct. 1743, 1746 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U. S. 375, 377 (1994)), *reh'g denied*, 140 S. Ct. 17 (2019). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity

of citizenship among the parties, § 1332(a). These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively." *Id.*

Plaintiff alleges this Court has diversity jurisdiction over his claims (*See* ECF No. 1, PageID.2.) "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (quoting *Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir.1999)). Citizenship depends on a party's domicile. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). In order to establish a new domicile, an individual must be physically present in the state and intend to remain their indefinitely (or lack an intent to make a home elsewhere). *Id.* "[T]here is a rebuttable presumption that a prisoner retains his former domicile after incarceration." *Spencer v. Stork*, 513 F. App'x 557, 558 (6th Cir. 2013) (citing *Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir.1973)). "In diversity cases, the general rule is that the amount claimed by a plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount."

3

*Rosen v. Chrysler Corp.*, 205 F.3d 918, 920–21 (6th Cir. 2000) (citations omitted).

Plaintiff alleges that Defendant is "a citizen of the state of Michigan, residing in Oakland County." (ECF No. 1, PageID.1.) He also asserts that he is "a citizen of the State of Tennessee, having been domiciled there prior to his confinement in a Michigan correctional facility by force of process." (*Id.*) Plaintiff further alleges that Defendant's assaults led to both physical and mental trauma and seeks to recover compensatory and punitive damages "in excess of $75,000.00" on each of his three claims. (*Id.* at PageID.4–6.)

Accordingly, Plaintiff appears to have sufficiently pleaded both elements of diversity jurisdiction.

### III.  Venue

Venue for a civil action is proper in a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). "For the convenience of parties and witnesses, in the interest of justice, a [federal] district court may transfer any civil action to any other district . . . where it [could] have been brought." 28 U.S.C. § 1404(a). The Court may transfer a case to another

4

federal district court on its own motion. *See Carver v. Knox Cty., Tenn.*, 887 F.2d 1287, 1291 (6th Cir. 1989) (citing 28 U.S.C. § 1404(a)).

This cause of action arose at LMF in Munising, Michigan where both Plaintiff and Defendant are currently incarcerated. (*See* ECF No. 1, PageID.1–6.) Munising is in Alger County, which lies within the geographical boundaries of the United States District Court for the Western District of Michigan. *See* 28 U.S.C. § 102(b)(2). Plaintiff also indicates in his filing that he intends to call several corrections officers as witnesses and will seek various records from LMF. (*See* ECF No. 1, PageID.8–9.) The Court therefore finds that transferring this case to the Western District of Michigan is in the interest of justice and will provide a more convenient forum for the witnesses and parties.

## IV. Conclusion

Accordingly, the Court orders the Clerk of Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

IT IS SO ORDERED.

Dated: November 17, 2020　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2020.

             s/William Barkholz
             WILLIAM BARKHOLZ
             Case Manager