UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN J. WILCOX #223862,   Case No. 2:20-cv-00234

    Plaintiff,   Hon.  Hala Y. Jarbou
        U.S. District Judge

v.

JOSHUA KALCHERT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.    Introduction and Procedural History

This Report and Recommendation (R&R) addresses Plaintiff's motion to join another plaintiff (ECF No. 42); his motion for discovery (ECF No. 53); his motion to supplement his complaint (ECF No. 75); his motions for temporary restraining orders (TROs), preliminary injunctions and show cause orders (ECF Nos. 45, 48, 50, 57, 64, 71, 72, 73); and his motion for an evidentiary hearing on many of his motions (ECF No. 62).

Plaintiff Steven J. Wilcox is a state prisoner currently incarcerated by the Michigan Department of Corrections (MDOC) in the Saginaw Correctional Facility.[1]

---

[1] The MDOC's Offender Tracking Information System (OTIS) indicates that Wilcox is incarcerated in the Saginaw Correctional Facility. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdoc Number=223862 (last visited August 18, 2021).

He sued Defendant Joshua S. Kalchert, who is a former MDOC prisoner.[2]

Wilcox originally filed suit in the Eastern District of Michigan on September 2020. (ECF No. 1.) The claims in this case relate to events at the Alger Correctional Facility (LMF), which is located in the Western District of Michigan, Northern Division. Thus, on November 17, 2020, this case was transferred to the Western District of Michigan. (ECF No. 5.)

Wilcox alleges that he is a citizen of Tennessee[3] and that Defendant Kalchert is a citizen of Michigan. He further alleges that the amount in controversy exceeds $75,000 and, accordingly, that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). (ECF No. 1, PageID.1-2.)

Wilcox alleges that he and Kalchert were cellmates at LMF from September 2019 until April 2020. (*Id.*, PageID.2.) Wilcox claims that the was the victim of multiple sexual assaults by Kalchert during this period. (*Id*. PageID.3-6.) Wilcox seeks compensatory and punitive damages, fees, costs and interest. (*Id.*, PageID.6.)

On February 12, 2021, Defendant Kalchert signed a waiver of service, in which he also acknowledged that he understood that judgment would be entered against

---

[2] OTIS indicates that Kalchert is on parole and is being supervised by the Ann Arbor Parole Office. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=880354 (last visited August 18, 2021).
[3] As noted above, Wilcox is incarcerated in Michigan, but claims to be a citizen of Tennessee. "In cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state. *Hall v. Curran*, 599 F.3d 70, 72 (1st Cir. 2010).

him if he did not file an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure within 60 days. (ECF No. 20.) Kalchert's waiver of service was received at the Court and filed on March 23, 2020. Other than signing this waiver, Kalchert has taken no action in this case. The undersigned issued an order directing Kalchert to file an answer or responsive pleading by May 21, 2021. (ECF No. 30.) Kalchert has not filed an answer or other responsive pleading, and he has not responded to any of Plaintiff's motions.

On May 21, 2021, Wilcox filed an application for entry of default. (ECF No. 54.) On May 25, 2021, the Clerk of Court entered default against Kalchert pursuant to Fed. R. Civ. P. 55(a). (ECF No. 56.)

Wilcox has also filed a motion for entry of default judgment. (ECF No. 58.) That motion is pending before the Court but will not be resolved in this R&R. "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (4th ed.). Here, Wilcox's other pending motions indicate that he has had difficulty communicating with Kalchert. (*See* ECF No. 45 (motion asking the Court to order the MDOC to show cause); ECF No. 45-1 (notice of intent issued by MDOC to Wilcox regarding his attempted communications with Kalchert); ECF No. 50 (motion for a TRO and order to show cause); ECF No. 57 (motion for TRO and preliminary injunction).) Thus, it is not clear that Kalchert has been served with Wilcox's application for entry of default

3

judgment. Accordingly, the undersigned will hold in abeyance Wilcox's motion for entry of default judgment and will conduct a hearing to determine whether to recommend entry of default judgment against Kalchert. Fed. R. Civ. P. 55(b).

## II.    Plaintiff's Motion for Joinder (ECF No. 42)

Wilcox requests that the Court join Michael Scott Barber as a plaintiff pursuant to Fed. R. Civ. P. 25, which relates to substitution of parties in the event of the death or incompetency of a party. Barber is a state prisoner who is currently incarcerated at the Bellamy Creek Correctional Facility. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=896644 (last visited on August 18, 2021).

Wilcox cites to Rule 25(c), which deals with transfer of an interest in a case in these circumstances. In his motion, Wilcox states that he assigned a twenty-five percent interest in the litigation to Barber. (ECF No. 42, PageID.131-32.) Wilcox acknowledges that he made the assignment for business reasons unrelated to the underlying claim against Kalchert. (*Id.*)

Wilcox's reliance on Rule 25 is misplaced because that rule deals with substitution of parties in the narrow circumstances mentioned above. Rule 20 of the Federal Rules of Civil Procedure deals with the permissive joinder of parties. Rule 20(a) provides as follows:

> **(a) Persons Who May Join or Be Joined.**
>     **(1) *Plaintiffs.*** Persons may join in one action as plaintiffs if:
>         **(A)** they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

4

     **(B)** any question of law or fact common to all plaintiffs will arise in the action.

Wilcox has not alleged facts that would allow Barber to join as a plaintiff under Rule 20(a). Accordingly, the undersigned respectfully recommends that the Court deny this motion.

### III. Motion for Limited Discovery (ECF No. 53)

Wilcox asks that the Court permit discovery limited to the issue of the damages. (ECF No. 53.) The undersigned recommends that the Court hold Wilcox's request for limited discovery in abeyance and discuss the issue of discovery at the hearing relating to entry of default judgment.

### IV. Motions for TROs and Preliminary Injunctions and Show Cause Orders Regarding Wilcox's Attempts to Send Mail to Defendant Kalchert (ECF Nos. 45, 50, 57, 72, 73)

Wilcox asks this Court to issue TROs, preliminary injunctions and show cause orders to MDOC officials regarding his attempts to send mail to Defendant Kalchert. In essence, Wilcox wants the Court to order MDOC officials to allow Wilcox to send legal mail to Kalchert despite Kalchert's objections. The undersigned respectfully recommends the Court deny these motions for two reasons. First, MDOC officials have provided Wilcox with a means of sending legal mail to Kalchert. According to the Notice of Intent provided by Wilcox (ECF No. 73-1), Defendant Kalchert has informed the MDOC that he does not wish to receive mail from Wilcox. MDOC Policy Directive (PD) 05.03.118 (effective March 1, 2018), provides that prisoners are prohibited from sending mail to anyone who has objected to receiving mail from a prisoner. *See* MDOC PD 05.03.118, ¶ U, https://www.michigan.gov/ documents/

corrections/05_03_118_616005_7.pdf (last visited August 18, 2021). This does not mean, however, that Wilcox has no way to send legal mail to Kalchert. The Notice of Intent issued to Wilcox by the MDOC states the following: "Any legal proceedings shall be done through an attorney or the ombudsmans office." (ECF No. 73-1, PageID.300.) Thus, MDOC has provided Wilcox with a way to send legal mail to Kalchert without violating an MDOC PD.

Second, the Court cannot issue a TRO or preliminary injunction to a non-party unless the non-party is in active concert or participation with a party or the party's agents. Fed. R. Civ. P. 65(d)(2); *Zenith Radio Corp., v. Hazeltine Research Inc.*, 395 U.S. 100 (1969). Nothing in the record indicates that the MDOC officials to whom the requested TROs and/or preliminary injunctions would be directed qualify as parties or entities in active concert or participation with a party.

### V. Motion for Show Cause Order to B. Addis and T. Gaskill (ECF No. 48)

Wilcox asks the Court to enforce the Rule 45 subpoenas he issued to MDOC Librarian Gaskill and Resident Unit Manager (RUM) Addis. The subpoenas at issue, which Wilcox attached to his motion (*see* ECF No. 48-1), seek documents related to the Notice of Intent MDOC provided to Wilcox as a result of Kalchert's objection to receiving mail from Wilcox. As noted above, Wilcox has a way to send legal mail to Kalchert. Thus, Wilcox is seeking irrelevant material. The undersigned respectfully recommends that the Court deny this motion.

### VI. Motion for Show Cause Order to MDOC for Failing to Comply with Subpoena for Documents (ECF No. 64)

On May 4, 2021, Wilcox delivered to the MDOC a subpoena requesting documents relating to the claims in this case as well as documents relating to the Notice of Intent MDOC provided to Wilcox as a result of Kalchert's objection to receiving mail from Wilcox. The undersigned recommends that the Court deny this motion for two reasons. First, discovery has not opened in this case. And, second, documents relating to Wilcox's ability to send legal mail to Kalchert are irrelevant, as noted above.

### VII. Motion for TRO and Show Cause Order to MDOC regarding an affidavit by Michael S. Barber (ECF No. 71)

In this motion, Wilcox asks the Court to issue a TRO relating to an affidavit written by Barber regarding assignment of claims in this case. These documents addressed in this motion are irrelevant to the case. As noted above, Barber may not be joined to the case as a plaintiff under Rule 20 or Rule 25 of the Federal Rules of Civil Procedure. Accordingly, the documents Wilcox seeks in this motion are irrelevant. In addition, as noted above, discovery has not opened in this case and the Court lacks authority to issue a TRO to non-parties who are not in active concert or participation with a party or a party's agents. Fed. R. Civ. P. 65(d)(2); *Zenith Radio Corp.*, 395 U.S. 100. The undersigned recommends the Court deny this motion.

### VIII. Motion Requesting Evidentiary Hearing Regarding ECF Nos. 42, 45, 48, and 50 (ECF No. 62)

Wilcox requests an evidentiary hearing to resolve several of his motions that are addressed in this R&R. If the Court accepts this R&R, Wilcox's request for an evidentiary hearing on ECF Nos. 42, 45, 48, and 50 will be moot.

### IX.   Motion to Supplement Complaint (ECF No. 75)

Wilcox filed a motion to supplement his complaint. (ECF No. 75.) In the motion, Wilcox seeks to include facts relating to a security agreement that he executed with Barber, whom Wilcox seeks to join as a plaintiff. The undersigned construes Wilcox's supplement as a motion to amend his complaint.

Rule 15(d) of the Federal Rules of Civil Procedure provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

A motion to supplement a complaint, unlike a motion to amend a complaint, seeks to add transactions or events that arose *after* the original complaint was filed. *Goldman v. Elum*, 2019 WL 3289819, at *5 (E.D. Mich., July 22, 2019). Although, a complaint may be supplemented with new claims, there must exist a logical connection between the supplemental complaint and the original complaint. *Id*. "A supplemental pleading cannot be used to introduce a separate, distinct and new cause of action." *Id*. There must be a linkage between the claims asserted in the supplemental complaint and the claims asserted in the original complaint. *Cage v. Harry*, 1:09-cv-512, 2010 WL 1254562, at *1 (W.D. Mich., Mar. 26, 2010).

In determining whether a party may amend or supplement a complaint, the Court must be mindful of the rule regarding joinder of parties and claims. Federal Rule of Civil Procedure 20(a) permits the joinder of plaintiffs in one action under

certain circumstances that involve the same transaction, occurrence, or series of transactions or occurrences and a common question of law and facts.

Here, Wilcox seeks to supplement his complaint with an issue wholly unrelated to his original claims. His financial transactions with Barber are not relevant to this case, which deals with Wilcox's claims of sexual assaults by Kalchert. As a result, the undersigned respectfully recommends that the Court deny Wilcox's motion to supplement his complaint.

## X.    Recommendation

Accordingly, the undersigned respectfully recommends that the Court take the following actions with respect to Wilcox's motions:

- DENY Plaintiff's motion to join another plaintiff (ECF No. 42);
- HOLD IN ABEYANCE his motion for discovery (ECF No. 53);
- DENY his motion to supplement his complaint (ECF No. 75);
- DENY his motions for TROs, preliminary injunctions and show cause orders (ECF Nos. 45, 48, 50, 57, 64, 71, 72, 73); and
- DENY his motion for an evidentiary hearing (ECF No. 62)

Dated:  August 18, 2021                                /s/ *Maarten Vermaat*
                                                     MAARTEN VERMAAT
                                                     U.S. MAGISTRATE JUDGE

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14)

days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).