UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN J. WILCOX,

    Plaintiff,

v.

Case No. 2:20-cv-234

Hon. Hala Y. Jarbou

JOSHUA KALCHERT,

    Defendant.
_____/

## ORDER

This is a diversity action filed by a state prisoner against a former state prisoner who has been released on parole. Plaintiff alleges that Defendant sexually assaulted him on multiple occasions. Defendant has defaulted in this action by not answering the complaint.

On August 18, 2021, the magistrate judge issued a report and recommendation (R&R) recommending that the Court deny various motions filed by Plaintiff. (R&R, ECF No. 77.) Before the Court are Plaintiff's objections to the R&R (ECF No. 79).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff has numbered his objections and the Court will address them in that order.

Objection 1

The R&R states that Plaintiff alleges he is a citizen of Tennessee. Plaintiff responds that Defendant's default means that he has admitted the allegations of the complaint. Regardless, the R&R's statement is correct.

Objection 2

The R&R also states that Plaintiff seeks "compensatory and punitive damages" from Defendant. (R&R 2.) Plaintiff objects that he seeks "exemplary" damages, not punitive damages. However, the R&R was simply summarizing Plaintiff's complaint, in which Plaintiff stated that he seeks, among other things, "exemplary (punitive)" damages. (Compl., ECF No. 1, PageID.6.) The R&R's characterization, even if not technically accurate, has no bearing on the magistrate judge's resolution of Plaintiff's motions.

Objection 3

The magistrate judge concluded that it would conduct a hearing on Plaintiff's motion for default judgment because "it is not clear that Kalchert has been served with Wilcox's application for entry of default judgment." (R&R 3-4.) In his objections, Wilcox asserts that he served his application for default judgment by United States mail to Kalchert's parole agent. However, Wilcox will have an opportunity to raise that issue at the evidentiary hearing. Accordingly, Wilcox's objection will be denied.

Objection 4

Plaintiff objects to the recommendation that the Court deny his motion for joinder. Plaintiff sought to join as a plaintiff a party to whom Plaintiff purportedly assigned a twenty-five percent interest in this litigation. The magistrate judge determined that Plaintiff had improperly relied upon Rule 25, which deals with substitution of the parties, not joinder.

Plaintiff responds that joinder under Rule 25(c) is appropriate where there has been a "partial transfer" of the claim and "there is a possibility the party to be joined could be held accountable for the actions of the original party." (Pl.'s Objs., ECF No. 79, PageID.331 (citing *Maldonado v. Valsyn S.A.*, 434 F. Supp. 2d 90, 92 (D.P.R. 2006)).) However, Plaintiff does not

explain how that rule applies here. He does not explain how the person to whom Plaintiff transferred part of his claim could be held accountable for Plaintiff's actions. Moreover, an order of joinder or substitution under Rule 25(c) is discretionary. *See Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 154 (6th Cir. 1992). Plaintiff does not indicate why the Court should exercise that discretion here.

### Objection 5

The magistrate judge recommends that the Court deny Plaintiff's requests for a TRO or preliminary injunction allowing him to send legal mail to Kalchert, noting that the Michigan Department of Corrections (MDOC) has provided Plaintiff with a means to send mail to Kalchert. Among other things, Kalchert can hire an attorney to act on his behalf or he can act through the ombudsman's office, as stated in the notice Plaintiff received from the MDOC. (R&R 6.) Plaintiff now contends that he makes an "offer of proof" that the ombudsman will say that he does not accept service of legal papers on third parties. (Pl.'s Objs, PageID.332.) Plaintiff's "offer of proof" is not evidence, and it does not undermine the magistrate judge's conclusion that preliminary injunctive relief is not warranted. Indeed, Plaintiff does not address the magistrate judge's alternate reasoning that the Court cannot enjoin the actions of a non-party, except in narrow circumstances that Plaintiff has not established.

### Objection 6

Plaintiff objects to the denial of subpoenas against two prison employees who apparently handled a request by Defendant to stop receiving mail from Plaintiff. The Court agrees that the actions by these officials are irrelevant to Plaintiff's claims. Thus, the Court finds that the R&R properly denied Plaintiff's requests for subpoenas.

Objection 7

Objection 7 is a restatement of Objection 6, which is meritless.

Objection 8

Plaintiff notes that several of his motions will require an evidentiary hearing *if* the Court declines to adopt the R&R.  (*See* R&R 7 (noting that adopting the R&R renders several of Plaintiff's motions moot).)  Plaintiff is correct, but this Court will adopt the R&R, so those motions are moot.

Objection 9

The magistrate judge recommends that the Court deny Plaintiff's motion to "supplement" the complaint with a claim that Barber (the person to whom Plaintiff allegedly assigned part of his interest in this lawsuit) has not paid the amount to which Plaintiff and Barber agreed.  (*See* R&R 8-9.)  The magistrate noted that this claim against Barber is wholly unrelated to Plaintiff's claim against Kalchert.  The Court agrees.

Plaintiff contends that there would have been no assignment to Barber without his claim against Defendant.  However, that connection is not enough.  The assignment to Barber and Barber's failure to pay for that assignment is a separate transaction that has nothing to do with the facts underlying Plaintiff's claim against Defendant.  Thus, the R&R properly recommends denial of Plaintiff's motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 79) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 77) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motions to join another plaintiff (ECF No. 42), to supplement his complaint (ECF No. 75), for preliminary injunctive relief and show cause orders (ECF Nos. 45, 48, 50, 57, 64, 71, 72, 73), and for an evidentiary hearing (ECF No. 62) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for discovery (ECF No. 53) is **HELD IN ABEYANCE** until after the hearing on Plaintiff's motion for default judgment.

Dated:  October 5, 2021              /s/ Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     UNITED STATES DISTRICT JUDGE