UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| STEVEN J. WILCOX #223862, | Case No. 2:20-cv-234 |
| Plaintiff, | Hon. Hala Y. Jarbou |
| | U.S. District Judge |
| v. | |
| JOSHUA STEPHEN KALCHERT, | |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**

I.   **Introduction**

This Report and Recommendation (R&R) addresses Plaintiff Steven J. Wilcox's motion for default judgment. (ECF No. 58.)

This case arises out of incidents that took place while Wilcox and Defendant Joshua Stephen Kalchert were confined in Alger Correctional Facility (LMF) in Munising, Michigan. Wilcox and Kalchert were cellmates in LMF's Protective Custody Unit from September 2019 to April 2021. (ECF No. 1, PageID.2.) Because Wilcox has a physical disability that limits the use of his right arm, Kalchert also served as Wilcox's aid. (*Id.*) Wilcox says that Kalchert beat and sexually assaulted him on three occasions during their time as cellmates. (*Id.*)

Wilcox initiated this action against Kalchert on October 27, 2020. In his complaint, Wilcox asserts three counts of sexual battery and intentional infliction of emotional distress and asserts damages exceeding $75,000. (*Id.*)

On February 12, 2021, Kalchert signed a waiver of service, acknowledging that judgment may be entered against him if he did not serve Wilcox with an answer or Rule 12 motion within 60 days. (ECF No. 53.) Kalchert has not responded to attempts to reach him since waiving service, nor has he filed an answer or Rule 12 motion.

Wilcox applied for entry of default (ECF No. 54), and on May 25, 2021, the Clerk of Court entered default as to Kalchert pursuant to Fed. R. Civ. P. 55(a). (ECF No. 56.)

On May 24, 2021, Wilcox also moved for entry of default judgment against Kalchert. (ECF No. 58.) On October 19, 2021, the undersigned conducted a hearing on Wilcox's motion for default judgment. (ECF No. 85.) Kalchert did not appear.

For the following reasons, the undersigned respectfully recommends that the Court (1) conduct an inquiry into the amount of Wilcox's damages, and then (2) grant the Wilcox's motion for default judgment.

II. **Additional Procedural History**

On October 27, 2020, Wilcox filed this suit in the Eastern District of Michigan. Wilcox invoked diversity jurisdiction on grounds that he is a citizen of Tennessee, while Kalchert is citizen of Michigan. (ECF No. 1, PageID.1-2.) On November 17, 2020, the Eastern District transferred this case to the Western District because the claims underlying Wilcox's complaint arose while the parties were confined at LMF, a correctional facility in the Western District of Michigan. (ECF No. 4, PageID.34.)

On January 6, 2021, and again on March 11, 2021, the Clerk of Courts sent notice of this lawsuit and a request for waiver of service to Kalchert pursuant to this Court's order[1] (ECF No. 13). Kalchert signed the initial waiver on February 12, 2021, and it was filed with the Court on March 23, 2021. (ECF No. 20.) In signing the waiver, Kalchert indicated that he understood that if he did not file an answer or motion under Rule 12 within 60 days of the mailing date indicated by the Clerk, he would be in default and judgment could be entered against him. (*Id.*) A portion of the completed waiver is provided below.

> Return signed Waiver of Service to: Civil Process Clerk, U.S. Marshals Service, 110 Michigan St., N.W., Rm. 500, Grand Rapids, MI 49503.
>
> U.S. MARSHALS SERVICE
>
> 1/19/21
> Date of Mailing
>
> By _____
> Civil Process Clerk
>
> **Waiver of Service of Summons**
>
> I, JOSHUA KALCHERT, acknowledge receipt of your request that I waive service of a summons in the above-captioned matter, whose case number is indicated, pending in the United States District Court for the Western District of Michigan. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.
> I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.
> I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.
> I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within **60 days** after the date of mailing that you indicated.
>
> 2-12-21
> Today's Date
>
> _____
> Signature (If not the defendant, include your title or other relationship)

(*Id.*) This waiver is the only communication that Kalchert has had with the Court in this matter.

On April 12, 2021, Wilcox applied for an entry of default for the first time. (ECF No. 28.) The initial application was terminated because one of the Court's

---

[1] This order also required Kalchert to file an appearance of counsel within 21 days of service or, if waived, 60 days after the Clerk sent the waiver. (ECF No. 13.)

3

previous orders, which identified the case as a prisoner civil rights case rather than general civil case, stipulated that default would not be entered until the Court ordered Kalchert to file an answer or motion and he failed to comply.[2] (ECF No. 13.) However, on April 21, 2021, the Court redesignated the case as a general civil case. (ECF No. 29.) The undersigned then issued an order requiring Kalchert to file an answer or motion in response to Wilcox's complaint by May 21, 2021. (ECF No. 30.) The next day, the undersigned issued a supplemental order requiring Kalchert to file an appearance by May 21, 2021. (ECF No. 31.) There, the undersigned noted that the Court was not aware of Kalchert's mailing address and directed the Clerk to mail its orders to Kalchert's parole officer in Ypsilanti, Michigan. (*Id.*) Unfortunately, several of Wilcox's subsequent filings indicated that Kalchert was still not receiving communications in this matter. (*See* ECF No. 45 (motion asking the Court to order the MDOC to show cause); ECF No. 45-1 (notice of intent issued by MDOC to Wilcox regarding his attempted communications with Kalchert); ECF No. 50 (motion for a TRO and order to show cause); ECF No. 57 (motion for TRO and preliminary injunction).)

On May 24, 2021, Wilcox again applied for an entry of default (ECF No. 54) and moved for default judgment against Kalchert under Fed. R. Civ. P. 55 (ECF No. 58). The Clerk of Court entered default the next day. (ECF No. 56.) In an R&R on

---

[2]    "[U]nlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock,* 549 U.S. 199, 213–14 (2007).

4

several of Wilcox's motions, the undersigned recognized that it was unclear whether Kalchert had received Wilcox's motion for default judgment, scheduled a hearing on the matter, and reserved recommending whether to enter default judgment to a date thereafter. (ECF No. 77, PageID.320-321.) That hearing was ultimately scheduled for October 19, 2021. Kalchert did not appear.

### III. Analysis

Wilcox moves for the entry of a default judgment pursuant to Fed. R. Civ. P. 55. Rule 55 provides two avenues for obtaining default judgment — one for when the plaintiff's claim is for a sum certain, Fed. R. Civ. P. 55(b)(1), and one for when it is not, Fed. R. Civ. P. 55(b)(2). Wilcox's complaint asserted only that his damages totaled more than $75,000, so Rule 55(b)(2) applies. (ECF No. 1, PageID.4-6.)

Fed. R. Civ. P. 55(b)(2) provides:

> (b) Entering a Default Judgment.
>
> . . .
>
> > (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to:
> >
> > > (A) conduct an accounting;
> > >
> > > (B) determine the amount of damages;
> > >
> > > (C) establish the truth of any allegation by evidence; or

5

>> (D) investigate any other matter.

Kalchert is not a minor, an incompetent person, or a current member of the military service. *See* Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521. Because Kalchert has not answered or otherwise pled, the allegations against Kalchert are deemed admitted pursuant to Fed. R. Civ. P. 8(b)(6). *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110-11 (6th Cir. 1995); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993).

The undersigned notes with concern that that the record does not reflect that Kalchert has received communications from this Court since February 12, 2021. The only indication that Kalchert has received documents from Wilcox is Wilcox's May 16, 2021, motion for a temporary restraining order, in which he indicated that Kalchert had obtained a cease-and-desist order from the Michigan Department of Corrections preventing further communications. (ECF No. 50.) However, the waiver that Kalchert signed specifically acknowledged that if Kalchert did not file an answer or motion in response to Wilcox's complaint within 60 days of January 19, 2021, default judgment may be entered against him. (ECF No. 20.) It has been 280 days. Thus, entry of default judgment is appropriate.

The only remaining matter is to ascertain Wilcox's damages with reasonable certainty. *Vesligaj v. Peterson*, 331 F. App'x. 351, 355 (6th Cir. 2009) ("Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved") (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir.1982) (en banc))). While Fed. R. Civ. P. 55(b)(2) gives courts the discretion to conduct an evidentiary hearing, damages may also be ascertained through

evidence on the record. *Vesligaj*, 331 Fed. App'x at 355. This Court may, for example, rely on affidavits and other documentary evidence. *Minyard v. Burrell*, No. 1:09-cv-90, 2011 WL 5188937, at *1 (W.D. Mich., Aug. 9, 2011); *see also Juana's Packing Co. v. Federal Bakers USA*, No. 1:09-cv-301, 2010 WL 310765, at *2 (W.D. Mich., Jan. 21, 2010) (determining damages in a breach of contract case based on the contract price and an affidavit stating that attempts to resell the goods were futile).

As mentioned above, Wilcox asserted that his damages exceeded $75,000 after each claim in his complaint, but did not provide a sum certain, nor evidence to support it.[3] (ECF No. 1, PageID.4-6.) In other cases involving default judgment on sexual assault claims, plaintiffs have evidenced their damages with analogous cases awarding damages, *Morgan ex rel. Campbell v. Wayne Cty.*, No. 17-12094, 2021 WL 1220870 (E.D. Mich., Apr. 1, 2021), and medical records, *McPeters v. Thomas*, No. 3:18-cv-39, 2-21 WL 1033240, at *6 (E.D. Tenn., Feb. 24, 2021).

---

[3] However, the undersigned notes that Wilcox did attempt to initiate discovery in this case, including interrogatories and requests for admissions touching on his injuries and the cost to remedy them, and a request to produce his medical and psychological records. (ECF No. 53.) In a subsequent declaration (ECF No. 55), Wilcox again detailed the extent of his injuries, but without reference to damage amounts.

7

## IV. Recommendation

The undersigned respectfully recommends that the Court (1) conduct an evidentiary hearing to determine damages, or, alternatively, order Wilcox to file documentary evidence to establish his damages, and (2) grant the Wilcox's motion for default judgment.

Dated: October 26, 2021

                                            /s/ *Maarteen Vermaat*
                                            MAARTEN VERMAAT
                                            U.S. MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).