UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN J. WILCOX,

    Plaintiff,

v.

                                    Case No. 2:20-cv-234

JOSHUA STEPHEN KALCHERT,          Hon. Hala Y. Jarbou

    Defendant.
_____/

## **OPINION**

    Plaintiff Steven Wilcox brings this action against Joshua Kalchert, alleging that he sexually assaulted Wilcox on several occasions while they were both incarcerated. This case's procedural history is somewhat complex. Relevant to the instant motions, this case returns to this Court after the Sixth Circuit vacated an order granting Wilcox default judgment (ECF No. 114). Following the Sixth Circuit's decision, Magistrate Judge Maarten Vermaat formally vacated the default judgment (ECF No. 129), paving the way for Kalchert to file his answer to the initial complaint (ECF No. 135). After Kalchert filed his answer, Wilcox moved to strike on procedural grounds (ECF No. 136), which the magistrate judge denied (ECF No. 145), and also moved to strike based on the substance of the answer (ECF No. 150).

    Wilcox disagrees with this turn of events. Through various motions now before the Court, he seeks to roll back the clock to before Kalchert's appearance and to when default judgment was initially granted. Specifically, Wilcox moves to overturn the magistrate judge's orders (1) vacating the default judgment (ECF No. 141); (2) denying sanctions against Kalchert (which include a sanction seeking default judgment) (ECF No. 131); and (3) denying Wilcox's motion to strike

Kalchert's answer (ECF No. 149). He also separately seeks to strike Kalchert's answer on other grounds (ECF No. 150).

### I. WILCOX'S MOTION FOR RELIEF FROM THE ORDER VACATING DEFAULT JUDGMENT (ECF NO. 141)

Wilcox moves for relief from the magistrate judge's order vacating default judgment under Federal Rules 60(b)(3) and (d)(1). He grounds his argument in allegations of fraud. Specifically, Wilcox alleges that "Kalchert committed a fraud on the court when he knowingly and intentionally presented false and fabricated evidence" relating to whether Kalchert received notice of this case. (Mot. for Relief, PageID.604.) He presents no evidence for this allegation, only argument.

A threshold issue for Wilcox is that an order vacating default judgment is not a final order. Thus, Rule 60(b)(3) is inapposite. This motion is more properly construed as an objection under Federal Rule 72. No matter what standard of review this Court applies, whether de novo or something more deferential, the answer is the same.

Properly framed, Wilcox's motion is a non-starter. The magistrate judge's order was made pursuant to the Sixth Circuit's mandate after that court construed, as it must, disputed facts in favor of Kalchert and against default judgment. Implicated here are "two complementary doctrines: the law-of-the-case doctrine and the mandate rule." *United States v. Mendez*, 498 F.3d 423, 426 (6th Cir. 2007). The mandate rule "requires lower courts to adhere to the commands of a superior court," and the law-of-the-case doctrine provides that "findings made at one point of the litigation become the law of the case for subsequent stages of that same litigation." *Id.* (internal quotations omitted). Together, these doctrines "generally preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court." *Id*. But Wilcox asks this Court to do just that.

Simply put, the magistrate judge did not misapply the law when he issued the order vacating default judgment. Quite the opposite—the magistrate judge was bound by Sixth Circuit

2

law to do so.  Wilcox states, without showing, that "there are no plausible set of facts which could possibly support [Kalchert's] claim[s]" and that such claims "[o]n [their] face . . . [are] delusional and wholly preposterous."  (Mot. for Relief, PageID.604.)  Clearly, the Sixth Circuit disagrees with Wilcox.  If he disagrees with the Sixth Circuit's decision, the proper forum would have been the Supreme Court of the United States.  His motion is misplaced and will be denied.

## II. WILCOX'S MOTION FOR REVIEW OF THE ORDER DENYING SANCTIONS (ECF NO. 131)

Wilcox moves under Federal Rule 72(a) for this Court to review the magistrate judge's order denying sanctions.  Similar to his motion for relief discussed above, this motion for reconsideration centers on supposed fraudulent misrepresentations made by Kalchert and relied upon by the Sixth Circuit in vacating the initial default judgment.  Among the sanctions sought, Wilcox requests both evidentiary proceedings on the underlying question of fraud and a reinstatement of the default judgment order with the accompanying award of $1.5 million.

Again, a nondispositive Rule 72 motion is reviewed under a deferential clearly erroneous/contrary to law standard. Fed. R. Civ. P. 72(a).  Wilcox argues that the magistrate judge improperly relied upon the law-of-the-case doctrine and the mandate rule in denying his motion.  He argues that the Sixth Circuit "did not expressly or impliedly decide the issue of whether Kalchert's motion for reconsideration was presented for an improper purpose (i.e. to commit a fraud upon the Court) or whether it lacked evidentiary support and was thus sanctionable under Rule 11."  (Pl.'s Mot. for Recons. of Order Den. Sanctions 2-3, ECF No. 131.)

Wilcox's reading of the Sixth Circuit's opinion is too cramped to persuade.  Cutting through this case's factual and procedural complexities, the Sixth Circuit concerned itself primarily with whether the drastic remedy of default judgment was appropriate.  It found that it was not.  The Sixth Circuit did not express any desire for this Court to conduct additional findings to

3

determine whether Kalchert's representations were true or more persuasive than Wilcox's. It certainly knew how to direct this Court to do so if it so chose—in the very same opinion, the Sixth Circuit directed this Court to conduct jurisdictional fact finding. *Wilcox v. Kalchert*, No. 22-144, 2023 WL 2576454, at *3 n.1 (6th Cir. Mar. 16, 2023). Thus, while Wilcox may be correct that the Sixth Circuit did not wholly resolve the question of fraud, it gave no indication that the question needed resolving in the first place.

The Sixth Circuit's mandate and analysis reflects the "policy consideration that values the disposition of cases on their merits[.]" *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). The magistrate judge recognized this, denying the motion for sanctions in order to "implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." (Order Den. Sanctions 4-5, ECF No. 130 (citing *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994)).) This was not contrary to law. As the magistrate judge noted, "Wilcox's inquiry into whether Kalchert signed or did not sign the waiver of service is collateral to [Wilcox's] sexual assault claims . . . [n]ow that Kalchert is unquestionably aware of this lawsuit, the Court is concerned with the just resolution of those claims." (*Id.* at 5.) This Court agrees and will not countenance Wilcox's "thinly veiled attempt to relitigate an issue already resolved by the court of appeals[.]" (*Id.* at 4.)

The default judgment question is emphatically resolved. Because Wilcox cannot show that the magistrate judge's order denying sanctions was contrary to law, his motion for reconsideration will be denied.

### III. WILCOX'S MOTION FOR REVIEW OF THE ORDER DENYING HIS MOTION TO STRIKE KALCHERT'S ANSWER (ECF NO. 149)

Now on notice and with the default judgment against him vacated, Kalchert filed his answer on August 3, 2023 (ECF No. 135). A mere four days later, Wilcox mailed this Court a motion to

strike Kalchert's answer on the grounds that Wilcox was never served a copy (ECF No. 136).  In a scheduling conference held September 27, 2023, the magistrate judge sought to understand and ameliorate the communication difficulties arising under the unique circumstances of this case.  After doing so, the magistrate judge denied Wilcox's motion to strike (ECF No. 145) and issued an order regarding the parties' communication (which also implicated the Michigan Department of Corrections) (ECF No. 146).

Wilcox now moves under Rule 72(a) for this Court to review the magistrate judge's order denying Wilcox's motion to strike (ECF No. 149).  Wilcox argues that the magistrate judge is making excuses for Kalchert's failures to follow Federal Rule of Civil Procedure 5 and is misrepresenting Wilcox's statements.  But nothing Wilcox avers rises to the level of a clearly erroneous finding of fact or a conclusion contrary to law.  As far as legal analysis goes, Wilcox cites various cases noting that courts have refused to excuse pro se litigants' failures to follow court rules.  While this proposition may be true, *see e.g., Field v. Cnty. of Lapeer*, 238 F.3d 420, at *2 (6th Cir. 2000) (table), Wilcox cites no case law *mandating* the striking of Kalchert's answer.

Because managing pretrial issues is the magistrate judge's primary role, "this Court reviews their discovery and case management decisions with great deference[,]" focusing on whether an abuse of discretion has occurred.  *Garvins v. Hofbauer*, No. 2:09-CV-48, 2012 WL 1537298, at *1 (W.D. Mich. Apr. 30, 2012) (collecting cases).  Ultimately, the magistrate judge was exercising his pretrial case management role in this instance.  He was attempting to resolve the inherent communication issues arising from this case so that the case could finally move forward on its merits.  While Wilcox is certainly correct that Kalchert must follow this Court's rules, including its service of process rules, the magistrate judge was unwilling to issue the harsh sanction of striking Kalchert's answer on a technical defect and instead opted to solve a

communication problem going forward. Doing so was certainly not an abuse of discretion. Rather, this was in keeping with the magistrate judge's role and the Sixth Circuit's mandate in this case.

To put a finer point on the matter, Wilcox's ultimate goal here seems to once again be a reinstatement of the default judgment order against Kalchert. On the very same day that Wilcox filed his motion to strike (again, four days after Kalchert filed his answer), he filed a motion for entry of default (ECF No. 137). Wilcox's calculus seems to be that if Kalchert's answer is stricken, Kalchert will have failed to appear, and thus default judgment would be appropriate. His calculus is incorrect. A failure to properly serve an answer is not synonymous with a failure to appear. *See Citizens Bank v. Parnes*, 376 F. App'x 496, 506 (6th Cir. 2010) ("We have found that informal appearances suffice . . . , particularly if the informal contacts between the parties indicate the defaulting party intends to defend the suit."). This Court received Kalchert's answer on August 3, 2023, which Wilcox was made aware of on August 4, 2023. Kalchert's intention to defend this suit is clear. While the magistrate judge's order denying Wilcox's motion to strike was not an abuse of discretion, even if it were, default judgment would not automatically issue. Wilcox's motion will be denied.

### IV. WILCOX'S SECOND MOTION TO STRIKE KALCHERT'S ANSWER (ECF NO. 150)

In addition to attempting to strike Kalchert's answer on procedural grounds, Wilcox separately seeks to strike the answer on its substance. More specifically, Wilcox moves this Court to strike under Federal Rule of Civil Procedure 12(f) "on the grounds that it is rife with scandalous, impertinent and immaterial material[.]" (ECF No. 150.)

With a Rule 12(f) motion to strike, Wilcox faces an uphill battle. Such motions are discretionary, disfavored, and infrequently granted. *Operating Eng'rs Loc. 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Although a court here has "liberal

6

discretion," 12(f) motions "propose a drastic remedy" and as such "are generally regarded with disfavor because of the limited importance on pleading in federal practice, and because they are often used as a delaying tactic." *Est. of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2010 WL 2884638, at *2 (E.D. Mich. May 25, 2010), *report and recommendation adopted*, No. 09-14919, 2010 WL 2884639 (E.D. Mich. July 20, 2010) (internal quotations, citations, and alterations omitted).  The motion should be "used sparingly and only when the purposes of justice require." *Id.* (citing *Brown & Williamson Tobacco Corp v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)).

The Court sees nothing in Kalchert's answer reflecting the sort of "immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f), that the "purposes of justice" would require stricken. Wilcox argues that portions of the answer are "a rambling, confusing, disjointed, circuitious diatribe designed by [Kalchert] to impugn [Wilcox's] character"; that "it further seeks to improperly elicit sympathy and curry favor while at the same time casting aspersions on [Wilcox]"; and that "it [is] impossible to parse out what defenses [Kalchert] is asserting." (Pl.'s Mot. to Strike, ECF No. 150, PageID.632.)  This Court disagrees.

Kalchert denies specific allegations throughout his answer.  For instance, he states that "under 'count one' . . . I object to and deny the version of events as described by [Wilcox.] I never propositioned [him] for sex." (Answer, ECF No. 135, PageID.582.)  In another example, he states that "under 'count three' [Wilcox] once more accuses me of propositioning then assaulting him. Once again—I strongly object and deny these accusations.  Nothing like this ever happened." (*Id.*) Kalchert also addresses specific witnesses alluded to by Wilcox (*id.*, PageID.583), notes corroborating evidence within his prisoner information file and medical file that may help his defense (*id.*, PageID.585), and clarifies "I do not wish to countersue or press charges" (*id.*,

7

PageID.586). While there may be instances of redundancy or "immaterial material," it is incumbent upon Wilcox to point those out as the movant and to explain how the purposes of justice require this Court to strike. He has done neither.

On the whole, Kalchert's answer provides Wilcox notice of how he intends to defend. He does not seek to counterclaim, nor does he assert any affirmative defenses. Rather, he denies the allegations put forth by Wilcox, oftentimes with specificity. Any inartful description that may be contained in the answer can be excused by the pro se nature of this proceeding. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In sum, whatever shortcomings Wilcox may be able to identify, these do not justify use of the "drastic remedy" of striking the entire answer. Wilcox's motion will be denied.

## CONCLUSION

At bottom, Wilcox makes numerous attempts to skirt the Sixth Circuit's mandate that this case should proceed beyond the default judgment stage and into the merits. This Court rejects all of his attempts to do so.

As Wilcox himself has pointed out, pro se litigants must follow court rules. Going forward, this Court reminds him (and all parties) that Federal Rule 11 requires that all filings before this Court be made in good faith, for a proper purpose, and grounded in existing law.

An order will issue consistent with this opinion.


Dated: November 3, 2023                    /s/ Hala Y. Jarbou
                                           HALA Y. JARBOU
                                           CHIEF UNITED STATES DISTRICT JUDGE