UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN J. WILCOX #223862,

       Plaintiff,

v.

JOSHUA STEPHEN KALCHERT,
#880354,

       Defendant.
_____/

Case No. 2:20-cv-234

Hon. Hala Y. Jarbou
Chief U.S. District Judge

## REPORT AND RECOMMENDATION

This Report and Recommendation (R. & R.) addresses Plaintiff's pending motion for default judgment (ECF No. 167), motion for summary judgment (ECF No. 170), motion to compel (ECF No. 175), and motion for a show cause order (ECF No. 176).

### I. Introduction

Plaintiff Steven J. Wilcox alleges that while he was incarcerated in the protective custody unit of the Alger Correctional Facility (LMF) in Munising, Michigan, his cellmate and handicap aide, Joshua Stephen Kalchert, sexually assaulted him on numerous occasions. (ECF No. 1, PageID.2-6.) But despite the straight-forward allegations in Wilcox's complaint, this case has been anything but straight-forward since its inception.

Wilcox and Kalchert are proceeding pro se. When Wilcox filed his complaint in October of 2020, both parties were incarcerated with the Michigan Department of Corrections (MDOC). Since then, Kalchert has been in and out of prison.

Prior to and after filing this lawsuit, Wilcox sent numerous, allegedly harassing communications to Kalchert, Kalchert's friends, and Kalchert's family. (*See* ECF No. 126-1, PageID.543; ECF No. 126-2, PageID.548.) The MDOC intervened by forbidding the parties from communicating with one another.[1] (*See* ECF No. 126-1, PageID.543.)

At the start of this case, this Court received what appeared to be a waiver of service from Defendant Kalchert. (ECF No. 20, PageID.20, PageID.53.) But despite that waiver, Kalchert failed to file a responsive pleading, and this Court entered default two months later. (ECF No. 56, PageID.229.) After six more months without word from Kalchert, and after attempting to contact Kalchert via his parole officer to no avail, (*see* ECF No. 31, PageID.88), this Court granted Wilcox's motion for default judgment, (ECF No. 89, PageID.366). On April 18, 2022, accepting Wilcox's well-pleaded factual allegations as true and considering the damages awards in analogous cases, this Court awarded Wilcox $1.5 million in non-economic damages. (ECF No. 98, PageID.441.)

By the time the Court had entered judgment, Kalchert had returned to MDOC custody. (*See* ECF No. 96, PageID.438.) And after Kalchert learned of the $1.5

---

[1] *See also Wilcox v. Chamberlin*, No. 2:20-CV-178, 2022 WL 17586332, at *3 (W.D. Mich. Nov. 15, 2022) (discussing a grievance that Wilcox filed against facility staff for inspecting and confiscating mail addressed to Kalchert's family members), *R. & R. adopted*, No. 2:20-CV-178, 2022 WL 17584964 (W.D. Mich. Dec. 12, 2022). Notably, the family members that facility staff prevented Wilcox from contacting in *Wilcox v. Chamberlin* are listed as witnesses that Wilcox wished to serve with the complaint in this matter. (ECF No. 1, PageID.8.) Kalchert contends this lawsuit is just another chapter in Wilcox's campaign of harassment against him and his family. (Recording of Sept. 27, 2023 hearing, at 10:08-10:28.)

million judgment against him, he filed a motion to set aside default judgment on April 27, 2022. (ECF No. 99.)

The Court initially construed Kalchert's motion as a motion for relief from judgment and denied the motion. (ECF No. 100, PageID.448.) Kalchert appealed, asserting that he had neither received nor executed a waiver of service in this matter. (ECF No. 101 (Notice of Appeal); ECF No. 121-2, PageID.518 (Appellate Br.).) On March 16, 2023, the Sixth Circuit Court of Appeals construed Kalchert's motion as a motion to set aside default judgment, determined that the motion should be granted, and vacated the default judgment, remanding the matter to this Court for further proceedings. (ECF No. 114, PageID.484-486.) This Court subsequently ordered the U. S. Marshals Service to serve Wilcox's complaint on Kalchert on June 26, 2023. (ECF No. 129, PageID.563.)

On August 3, 2023, Kalchert filed an answer. (ECF No. 135.) However, on September 27, 2023, the Court held a scheduling conference, during which the parties indicated that they were not receiving each other's filings. (Recording of Sept. 27, 2023 hearing, at 7:20-10:10.) Kalchert further indicated that he was scheduled to be paroled at the end of October. (*Id.* at 3:10-3:14.) The Court adjourned the conference and issued an order establishing procedures by which the parties could exchange communications reasonably related to this litigation. (ECF No. 146.) The Court included in this order a reminder that should either party be released on parole, they must keep the Court and the opposing party apprised of their current address. (*Id.*, PageID.618.)

3

During the continuation of the pretrial conference on October 17, 2023, Kalchert indicated that he had read the Court's order regarding party communications. (Recording of Oct. 17, 2023 hearing, at 13:13-13:22.)

Then, on October 20, 2023, this Court issued a Case Management Order that included the following additional instruction on address changes:

> **ADDRESS CHANGES:** If, at any time, either party's address changes, they must notify the Court within ten (10) days of their new mailing address. If Plaintiff fails to update his address with the Court, his case may be dismissed for want of prosecution. See Fed. R. Civ. P. 41(b) and W.D. Mich. LCivR 41. If Defendant fails to update his address with this Court, and fails to defend this case, the Court may enter default judgment against him. *See* Fed. R. Civ. P. 55.

(ECF No. 152, PageID.640.)

The MDOC's Offender Tracking Information System indicates that Kalchert was paroled on October 24, 2023. *MDOC Offender Tracking System*, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=880354 (last visited Feb. 7, 2024). Kalchert has not updated his address or otherwise communicated with this Court, or with Wilcox, since his release on October 24, 2023. As a result, Kalchert has not received the Court's Case Management Order, nor has he received anything from this Court or Wilcox in the three months since.

Wilcox's pending motions represent various attempts at gaining relief based on Kalchert's failure to update his address. First, he moves for default judgment. (ECF No. 167.) Second, Wilcox moves for summary judgment. (ECF No. 170.) Third, Wilcox asks the Court to compel Kalchert to respond to Wilcox's requests for production and for interrogatories, or to stay discovery. (ECF No. 175.) And finally,

4

Wilcox moves the Court to order Kalchert to show cause as to why default judgment should not be entered based on his failure to update his address. (ECF No. 176.) The undersigned addresses each of Wilcox's motions in turn.

## II.     Motion for Default Judgment (ECF No. 167)

Wilcox mailed the Court the pending motion for default judgment on November 21, 2023. (ECF No. 167, PageID.707.) This filing is far from Wilcox's first attempt to obtain default judgment following the Sixth Circuit's March 16, 2023, order vacating the default judgment entered November 16, 2021. Wilcox made the following earlier attempts to secure a default or default judgment, all of which were denied by this Court:

1. On May 8, 2023, Wilcox moved for sanctions against Kalchert under Federal Rule of Civil Procedure 11, asserting that Kalchert lied in his appeal, and requesting that the Court enter default judgment against Kalchert (ECF No. 126, PageID.538);

2. On August 11, 2023, Wilcox moved the Court to strike Kalchert's answer based on improper service (ECF No. 136, PageID.591) and at the same time applied for the entry of default against Kalchert (ECF No. 137, PageID.594);

3. On September 19, 2023, Wilcox moved the Court for relief from the orders vacating default and default judgment, on the grounds that Kalchert lied in his appeal (ECF No. 141, PageID.604); and

5

    4. On November 15, 2023, after attempting to amend his complaint without leave of court, Wilcox moved for the entry of default based on Kalchert's failure to answer the purported amended complaint (ECF No. 165, PageID.697).

This time, Wilcox asks the Court to enter default judgment against Kalchert in accordance with Federal Rule of Civil Procedure 55 because Kalchert failed to update his address with the Court or with Wilcox after being paroled on October 24, 2023.[2] (ECF No. 167, PageID.705.)  Wilcox argues that Kalchert's failure to update his address "demonstrates a clear pattern by [Kalchert] of flouting this Court's orders." (*Id.*, PageID.706.)  He further claims that it "resulted in needless delay and expense to [Wilcox]." (*Id.*)  Wilcox does not cite any authority in support of his motion.  For the following reasons, it is the undersigned's opinion that default judgment is not appropriate at this time.

As an initial matter, the clerk has not entered default.  As set forth by the court in *United Coin Meter Co. v. Seaboard Coastline Railroad*:

> The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request. Rule 55(a). Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the default set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court

---

[2]     Wilcox does not move for default judgment under Rule 16(f) or Rule 37(b).  But this Court has the inherent authority to sanction contumacious conduct by entering a default judgment. *See Smith v. Comm'r*, 926 F.2d 1470, 1475 (6th Cir. 1991) ("It is well established that courts have inherent power to dismiss and/or enter default when a party disobeys a court order or otherwise interferes with the efficient administration of justice.")

6

> or, if the defendant has not appeared, by the clerk. Rule 55(b). Finally, Rule 55(c) authorizes a motion to set aside a default judgment pursuant to Rule 60(b). *See generally* 10 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* §§ 2681–2700 (1973).

705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

Wilcox moved the Court to order the clerk to enter default on November 15, 2023. But as set forth above, that motion was based on Kalchert's failure to answer Wilcox's purported amended complaint. (ECF No. 165, PageID.697) Because the Court denied Wilcox leave to amend his complaint, the Court likewise denied Wilcox's motion for entry of default.[3] (ECF No. 168, PageID.721-723.)

The present motion for default judgment has an entirely different basis. Wilcox was required to request and obtain an entry of default from the clerk prior to filing this motion. *See Hudson v. Maynard*, No. 1:09-CV-185, 2010 WL 2757130, at *1 (W.D. Mich. May 26, 2010) ("Entry of a default is a prerequisite to obtaining a default judgment."), *R. & R. adopted*, No. 1:09-CV-185, 2010 WL 2757129 (W.D. Mich. July 12, 2010). But even had the clerk entered default prior to Wilcox's motion for default judgment, the undersigned would recommend denying Wilcox's motion for default judgment.

---

[3] The Court also noted that the new claim that Wilcox sought to bring against Kalchert in his amended complaint was a claim brought pursuant to 42 U.S.C. §1983. (ECF No. 168, PageID.723.) And under 42 U.S.C. § 1997e(g), "[a]ny defendant may waive the right to reply to an action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other federal law." (*Id.*)

7

Entry of default judgment is governed by Federal Rule of Civil Procedure 55(b) which provides:

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Because Kalchert has appeared, this matter is governed by Rule 55(b)(2).

Rule 55(b)(2) presents another procedural hurdle that has not been cleared: despite the "certificate of mailing" in Wilcox's motion for default judgment, it is clear that Kalchert has not received notice of Wilcox's motion for default judgment. Wilcox's motion for default judgment was mailed to Kalchert's "last known address," presumably the prison where Kalchert was incarcerated prior to his parole. (ECF

No. 167, PageID.705) And it was mailed to that prison *after* Kalchert was released. (*Id.*)

Furthermore, "Rule 55 does not . . . articulate a standard by which motions for default judgment are to be evaluated. Rather, the Court is required to exercise 'sound judicial discretion' in determining whether judgment should be entered." *Cevra v. Mid-W. Express, Inc.*, No. 1:16 CV 1028, 2017 WL 10188753, at *1 (W.D. Mich. June 12, 2017) (citing *Commodity Futures Trading Comm'n v. Aurifex Commodities Rsch. Co.*, 2008 WL 474227 at *1 (W.D. Mich., Feb. 15, 2008)). This Court has previously identified the following factors as relevant in determining whether default judgment is appropriate: "(1) whether the plaintiff has been prejudiced; (2) the merits of the plaintiff's claim; (3) the amount sought in damages; (4) whether there exists the possibility of a dispute concerning material facts; and (5) whether the default was due to excusable neglect." *Cevra*, 2017 WL 10188753, at *2 (citing *Canal v. Dann*, No. 09–03366, 2010 WL 3491136 at *3 (N.D. Cal., Sept. 2, 2010)).

The Court should also consider that "the federal courts have a strong preference for trials on the merits." *Clark v. Johnston*, 413 F. App'x 804, 819 (6th Cir. 2011) (citing *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir.1986)). Default judgment "is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. "A default judgment therefore should not result from an honest mistake, but rather be reserved for cases of willful misconduct or extreme carelessness." *Willis v. Valley Residential*

9

*Servs.*, No. 06-13686, 2007 WL 295013, at *2 (E.D. Mich. Jan. 29, 2007) (citing *United Coin Meter Co.*, 705 F.2d at 845).

Turning first to the issue of prejudice, Wilcox avers that Kalchert's failure to update his address has caused Wilcox unnecessary expense and delay. (ECF No. 167, PageID.706.) But the undersigned notes that it was Wilcox who requested "the furthest discovery cutoff date that we could possibly come up with" in this matter. (Recording of Oct. 17, 2023 Hearing, at 22:40-22:50.) Indeed, more than two months remain until the expiration of the discovery deadline. (ECF No. 152, PageID.635.) And Wilcox does not elaborate on what expenses he has incurred as a result of Kalchert's failure to update his address. Presumably, Wilcox refers to the costs associated with unsuccessfully mailing various documents to Kalchert. But even accepting that this factor weighs in favor of default judgment, the remaining factors weigh heavily against the entry of default judgment.

The undersigned reiterates that Wilcox asserts numerous claims of sexual assault against Kalchert. In his complaint, Wilcox requested "over $75,000" in damages. (ECF No. 1, PageID.11.) In his motion for the determination of money damages related to the November of 2021 default judgment, Wilcox asked for a total of $43,335,500 in damages. (ECF No. 94, PageID.393.) And after accepting Wilcox's well-pleaded factual allegations as true and considering the damages awards in analogous cases, this Court awarded Wilcox $1.5 million in non-economic damages. (ECF No. 98, PageID.441.)

With respect to the possibility of dispute concerning material facts, the undersigned notes that there is more than a mere possibility. Wilcox alleges that Kalchert sexually assaulted him on numerous occasions. (ECF No. 1, PageID.2-6.) Kalchert has repeatedly declared that the alleged assaults never happened, and that Wilcox filed this lawsuit in order to continue harassing Kalchert despite the MDOC's no-contact order. (Recording of Sept. 27, 2023 Hearing, at 10:08-10:28; ECF No. 99, PageID.442; ECF No. 121-2, PageID.514-515.)

Finally, with respect to whether the default was due to excusable neglect, the undersigned reiterates that default has not been entered in this matter. Furthermore, Kalchert has not been served with and therefore has not responded to Wilcox's motion for default judgment. As such, the record contains no indication as to the circumstances surrounding Kalchert's release on parole and subsequent failure to update his address with the Court.[4]

Ultimately, Wilcox's position is that Kalchert's failure to update his address upon his parole constitutes "a clear pattern by [Kalchert] of flouting the Court's orders" which warrants default judgment. (ECF No. 167, PageID.706.) The undersigned acknowledges that the Court specifically directed Kalchert to update his address upon his release from prison, and that he has yet to do so. But the undersigned does not agree that Kalchert's action (or inaction) to date constitutes a

---

[4] During the October 17, 2023, continuation of the scheduling conference, Kalchert noted that he hoped to find an attorney upon his release from prison because he was not sure how to proceed with his defense and he did not want to misstep and "be found guilty . . . by a technicality." (Recording of Oct. 17, 2023 Hearing, at 5:40-6:02.)

11

clear pattern of willful misconduct.[5] As such, the undersigned does not believe that such an extreme sanction as default judgment is warranted at this time. The undersigned therefore recommends that the Court deny Wilcox's motion for default judgment.

### III. Motion for Summary Judgment (ECF No. 170)

Wilcox mailed this Court the pending motion for summary judgment on December 13, 2023. (ECF No. 170, PageID.728.) Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or

---

[5] Although courts have entered default judgment based on a defendant's failure to update their address, they have done so under considerably different circumstances.

For example, in *United States v. Smith*, No. CIV.A 06-0881, 2009 WL 144904, at *1-*2 (W.D. La. Jan. 20, 2009), the court entered default judgment after the defendants failed to update their address for over two years. And before the court issued default judgment, it required the plaintiff to make additional attempts to locate the defendants. *Id.* at *3. The plaintiff attempted to contact the defendants at the addresses listed in public records and their last-filed tax returns. *Id.* When the defendants still failed to respond or update their address, the Court issued a show cause order. *Id.* When the defendants did not respond to that order, the Court entered default judgment. *Id.* at *1.

Similarly, in *Culmone v. Amofah*, No. CIV.A.04-644, 2008 WL 276541, at *2 (M.D. La. Jan. 29, 2008), the court entered default after the defendant failed to update his address with the court—or else "deliberately refused to accept notice of and obey orders of the court"—for over three years. There, the defendant was an attorney. *Id.* And the court had attempted to serve the defendant with its orders and notices via certified mail and by the U.S. Marshals Service. *Id.* at *1.

whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In his motion, Wilcox asserts that he mailed Kalchert requests for admissions on August 14, 2023, and again on October 19, 2023. (ECF No. 170, PageID.726.) Wilcox argues that because Kalchert failed to timely respond, the Court should deem the requests admitted, and that the admitted requests conclusively establish his claims.[6] (*Id.*, PageID.726-727.)

Federal Rule of Civil Procedure 36 provides in pertinent part:

(a) Scope and Procedure.

> (1) *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>> (A) facts, the application of law to fact, or opinions about either; and
>>
>> (B) the genuineness of any described documents.
>
> (2) *Form; Copy of a Document.* Each matter must be separately stated. A request to admit the genuineness of a document must

---

[6] Wilcox further attempts to "incorporate by reference his previously filed Motion for Default Judgment (ECF No. 58), Motion for Order for Determination of Money Damages (ECF No. 93) and Brief in Support of Motion for Order for Determination of Money Damages." (ECF No. 170, PageID.727.) The undersigned has already addressed Wilcox's November 21, 2023, motion for default judgment. (ECF No. 167.) And Wilcox's "incorporation by reference" does not create additional pending motions.

> be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.
>
> (3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
>
> . . . .
>
> (b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

The undersigned first notes that Wilcox's August 14, 2023, requests for admissions were sent during the period in which the parties indicated that they were not receiving all of the filings. During this time, Wilcox was mailing copies of his filings to the Legislative Corrections Ombudsman rather than mailing the filings to Kalchert. (ECF No. 139, PageID.598 (Proof of Mailing).) On September 29, 2023, the Court issued an order to ensure that the parties could communicate directly. (*See* ECF No. 146.)

With respect to the October 19, 2023, requests, the undersigned notes that it is not clear whether Kalchert received the requests prior to his parole. The Disbursement Authorization provided by Wilcox indicates that requests were mailed on October 20, 2023. (ECF No. 156, PageID.672.) Kalchert was paroled on October

24, 2023.  *MDOC Offender Tracking System*, https://mdocweb.state.mi.us/otis2/ otis2profile.aspx?mdocNumber=880354 (last visited Feb. 7, 2024).  And after this Court's case management order, which was issued on October 20, 2023, and mailed on October 23, 2023, (ECF No. 160, PageID.687), was returned to the Court, Wilcox indicated that "[p]apers served on Kalchert by [Wilcox] have similarly been returned" (ECF No. 167, PageID.706).

It is also worth noting that many of Wilcox's requests for admissions appear to reach beyond the scope of Kalchert's personal knowledge.  For instance, Wilcox asks Kalchert to "[a]dmit that Wilcox has a life expectancy of 80 years" and "an earning capacity of $60,000 per year." (ECF No. 170-1, PageID.732.)  He also asks Kalchert to admit that his actions caused Wilcox to be diagnosed with post-traumatic stress disorder, and to experience medical complications long after the parties were cellmates. (*Id.*, PageID.735.)  Wilcox similarly attempted to use unanswered requests for admissions in support of his earlier motion for the determination of damages in this case.  (ECF No. 94, PageID.386-388.)  And the Court declined to deem the requests admitted and consider them in its damage analysis in part because "it appear[ed] that the scope of Wilcox's request reaches beyond what Kalchert could possibly know." (ECF No. 95, PageID.430-431.)

Furthermore, it is clear that Kalchert has not received Wilcox's motion for summary judgment.  Wilcox moved for default judgment based on Kalchert's failure to update his address on November 21, 2023.  (ECF No. 167, PageID.707.)  He mailed his motion for summary judgment to the Court and to the correctional facility where

15

Kalchert was formerly incarcerated in December of 2023, knowing full well that Kalchert would not receive the motion. (ECF No. 170, PageID.728; ECF No. 171, PageID.739.)

Ultimately, because it does not appear that Kalchert received either the requests for admission that serve as the basis for Wilcox's motion for summary judgment, or the motion for summary judgment itself, the undersigned recommends that the Court deny Wilcox's motion for summary judgment.

### IV.    Motion to Compel (ECF No. 175)

Wilcox mailed this Court the pending motion to compel on January 9, 2024. (ECF No. 175, PageID.747.) Wilcox says that he mailed Kalchert interrogatories and requests for admissions on October 30, 2023, but that he never received a response. (*Id.*, PageID.745.) Wilcox asks the Court to either compel Kalchert to respond to the discovery requests, or to stay the period for discovery. (ECF No. 175, PageID.746.)

Once again, the undersigned notes that the discovery requests and the motion to compel were mailed out after Kalchert was released on parole. It is therefore clear that Kalchert has not received the requests or the motion. However, it is equally clear that Wilcox is unable to conduct discovery in this case until he is apprised of Kalchert's current address. While more than two months remain in the discovery period, the parties have just over one month left to serve their discovery requests. The undersigned therefore recommends that the Court grant Wilcox's alternative request to stay the period for discovery pending an update in Kalchert's current address.

## V. Motion for a Show Cause Order (ECF No. 176)

Wilcox mailed the Court the final pending motion – his motion for a show cause order – on January 9, 2024. (ECF No. 176, PageID.752.) Wilcox asks the Court to order Kalchert to show cause as to why default judgment should not be entered against him. (*Id.*)

Once again, it is the undersigned's opinion that default judgment is not appropriate at this stage; default has not been entered, and Kalchert's failure to update his address does not, at this stage, exhibit a pattern of willful misconduct. However, this case cannot progress if the parties are unable to communicate. This is precisely why the Court told the parties that they were obligated to update their address with the Court if they were paroled at any point during this case. (ECF No. 146, PageID.618.) And Kalchert has yet to fulfill that obligation despite assuring the Court that he read its order regarding communications. (Recording of Oct. 17, 2023 Hearing, at 13:13-13:22.) As such, the undersigned respectfully recommends that the Court issue an order for Kalchert to show cause as to why he should not be sanctioned for failing to update his address.

Because Kalchert cannot be reached at the address provided to the Court, the undersigned further recommends that the Court mail the show cause order to the Lincoln Park Parole Office Supervisors Carrie Skibinski and Barbara Newland, at 920 Fort Street, Lincoln Park, Michigan 48146. The MDOC's Offender Tracking Information System indicates that Kalchert was released under the supervision of the Lincoln Park Parole Office. *MDOC Offender Tracking System*, https://mdocweb.

state.mi.us/otis2/otis2profile.aspx?mdocNumber=880354 (last visited Feb. 7, 2024.) Alternatively, the undersigned recommends that the Court request and direct the U.S. Marshal to effect personal service of the show cause order upon Kalchert wherever he may be found by the Marshal or his designees. *See, e.g.*, Order to Show Cause at 1, *Culmone v. Amofah*, No. 3:04-cv-644 (M.D. La. Apr. 14, 2005), ECF No. 12.

## VI. Recommendation

The undersigned respectfully recommends that the Court deny Wilcox's motions for default judgment (ECF No. 167) and for summary judgment (ECF No. 170). However, the undersigned recommends that the Court grant in part and deny in part Wilcox's motions to compel (ECF No. 175) and for a show cause order (ECF No. 176).

It is clear from the record that Kalchert has not received, and therefore has not had the opportunity to address, any of Wilcox's pending motions. The undersigned agrees that Kalchert's failure to update his address is to blame for his non-receipt of these filings. However, it is the undersigned's opinion that default judgment is too severe a sanction at this stage. Furthermore, Wilcox bases his motion for summary judgment on his requests for admissions, which he argues the Court should deem admitted due to Kalchert's failure to timely respond. But it does not appear that Kalchert has received any of Wilcox's discovery requests, either.

Turning to Wilcox's motion to compel, the undersigned reiterates that it does not appear that Kalchert received Wilcox's discovery requests. But Wilcox

18

alternatively asks the Court to stay the discovery deadline.  In the undersigned's opinion, such a stay is appropriate pending an update in Kalchert's address.  And though the undersigned does not believe that default judgment is an appropriate sanction at this stage, it is the undersigned's opinion that an order for Kalchert to show cause as to why he should not be sanctioned for his failure to timely update his address with the Court is appropriate.

Because the Court does not have Kalchert's current address, the undersigned further recommends that the Court send the show cause order to the office supervisors of the Lincoln Park Parole Office, through which Kalchert is paroled.  Alternatively, the undersigned recommends that the Court request and direct the U.S. Marshal to effect personal service of the show cause order upon Kalchert wherever he may be found by the Marshal or his designees.


Dated:   February 12, 2024                         /s/ *Maarten Vermaat*
                                                   MAARTEN VERMAAT
                                                   U.S. MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C) Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).