UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

STEVEN J. WILCOX,

    Plaintiff,

v.

JOSHUA STEPHEN KALCHERT,

    Defendant.
_____/

Case No. 2:20-cv-234

Hon. Hala Y. Jarbou

## **ORDER**

Plaintiff Steven J. Wilcox alleges that Defendant Joshua Stephen Kalchert sexually assaulted him in 2019 and 2020 when they were cellmates incarcerated with the Michigan Department of Corrections ("MDOC").  Defendant, however, contends that this lawsuit is merely an attempt to harass him.  Plaintiff filed this lawsuit in October 2020.  Defendant was released from prison on parole in October 2023.  Since that time, he has not given the Court an updated address, despite the Court's prior instruction that he do so should his address change.  Plaintiff subsequently moved for default judgment, summary judgment, an order to compel Defendant to respond to discovery requests, and an order to show cause.  On February 12, 2023, the magistrate judge entered a report and recommendation ("R&R") recommending that the Court deny the motions for default judgment and summary judgment, grant the motion to compel in part, and issue a show cause order.  (R&R, ECF No. 180.)  Before the Court are Plaintiff's objections to the R&R.

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

**A. General Objections**

Plaintiff first objects to the magistrate judge's statement that "[p]rior to and after filing this lawsuit, Wilcox sent numerous, allegedly harassing communications to Kalchert, Kalchert's friends, and Kalchert's family" and that "[t]he MDOC intervened by forbidding the parties from communicating with one another." (R&R 2.)  Plaintiff objects that he did not send harassing communications to Defendant's family and friends.  Instead, he sent them letters "warning them of [Defendant's] expressed desire to sexually molest his minor sibling and defraud his mother, along with details of [his] sexual activities in prison[.]" (Pl.'s Objs. 2.)  However, the magistrate judge properly characterized the communications as "allegedly" harassing, and he did so to explain why the MDOC ostensibly prohibited communications between Plaintiff and Defendant, as background for the communication difficulties between Plaintiff and Defendant over the course of the lawsuit.  An MDOC document filed by Plaintiff indicates that the MDOC temporarily prohibited Plaintiff from communicating with Defendant due to complaints by Defendant that Plaintiff was sending mail to Defendant's relatives.  (Notice of Intent, ECF No. 126-1, PageID.543.)  And in a sworn statement, Defendant has claimed that the letters were a form of harassment.  (Def.'s Statement of Fact, ECF No. 126-2, PageID.548.)  At any rate, whether the letters were actually a form of harassment is beside the point.  It has no bearing on the disposition of Plaintiff's motions.  Thus, Plaintiff's objection is meritless.

Next, Plaintiff objects to the magistrate judge's statement that, "At the start of this case, the Court received what appeared to be a waiver of service from Defendant Kalchert." (R&R 2.)  Plaintiff objects that what the Court received was *actually* a waiver of service by Defendant; it did not merely *appear* to be one.  Regardless, there is nothing incorrect, and therefore no error, in the magistrate judge's statement.  An actual waiver of service would have the appearance of one.  And although this Court has previously concluded that the waiver of service appeared to be genuine

because the signature on the waiver appeared to match Defendant's signature (5/22/2022 Order, ECF No. 100), the Court of Appeals effectively vacated that decision, so it does not control. More importantly, Plaintiff's objection is irrelevant to the dispositions recommended by the magistrate judge. Thus, it does not require the Court to amend or reject those dispositions.

Third, Plaintiff objects to the magistrate judge's characterization of his motions as "attempts at gaining relief based on Kalchert's failure to update his address." (R&R 5.) But that statement was merely a summary of the thrust of Plaintiff's motions. The Court discerns no error in that statement.

### B. Motion for Default Judgment

The magistrate judge denied Plaintiff's motion for default judgment for several reasons. He concluded the motion was procedurally inappropriate because the Clerk of the Court had not entered a default and Defendant had not received written notice of Plaintiff's motion as required by Rule 55 of the Federal Rules of Procedure. And substantively, the magistrate judge concluded that the relevant factors for determining whether default judgment was an appropriate exercise of the Court's discretion did not weigh in Plaintiff's favor.

Plaintiff objects to the magistrate judge's assertion that Plaintiff previously attempted to obtain sanctions against Defendant because Defendant purportedly "lied in his appeal[.]" (R&R 5.) Plaintiff contends that, in fact, Plaintiff argued that Defendant had committed *perjury*. That distinction is irrelevant because it has no impact on the outcome of Plaintiff's motions.

Next, Plaintiff faults the magistrate judge for contending that Plaintiff "does not cite any authority in support of his motion." (R&R 6.) Plaintiff responds that he relied upon this Court's scheduling order, which warned Defendant that, if he failed to update his address or defend the case, "the Court may enter default judgment against him." (10/20/2023 Scheduling Order ¶ 12, ECF No. 152.) However, that order was simply a warning to Defendant of a *potential* consequence

for failure to comply. It did not eliminate Plaintiff's burden to show that default judgment is warranted in these circumstances. The order itself does not suffice to meet that burden.

Plaintiff also argues that an order of default by the Clerk was not necessary. By its terms, however, Rule 55 first requires that, where a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). As the magistrate judge explained, that step is the first in a "sequence of procedural steps" contemplated by Rule 55 for seeking default judgment. *See United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983). Plaintiff responds that *United Coin* and Rule 55 do not apply because this case involves entering default judgment as a sanction. But while default judgment may be an appropriate sanction in some instances, Plaintiff did not seek default judgment as a sanction. Instead, his motion expressly relied upon Rule 55. Moreover, such an extreme sanction is not warranted here, for reasons discussed in the R&R. Thus, Plaintiff's objection is not persuasive.

Plaintiff also objects to the magistrate judge's determination that Defendant has not received proper notice of Plaintiff's motion for default judgment. (R&R 8.) Rule 55 requires a plaintiff seeking default judgment to "serve" the defendant "with written notice of the application[.]" Fed. R. Civ. P. 55(b)(2). Plaintiff contends that he served Defendant by mailing the motion for default judgment to Defendant's last known address, i.e., the prison facility where Defendant was incarcerated before his release on parole. Plaintiff argues that mailing alone was sufficient to serve Defendant, whether or not Defendant actually received his motion. Plaintiff is correct. Rule 5 of the Rules of Federal Civil Procedure provides that service of a motion is achieved by "mailing it to the person's last known address—in which event service is complete upon mailing[.]" Fed. R. Civ. P. 5(b)(2)(B). Although Plaintiff knew that Defendant was no

4

longer located at the prison facility to which Plaintiff apparently mailed the motion, that facility was Defendant's last known address.  Also, Defendant was aware that he had an obligation to update his address, but he failed to do so.  Accordingly, Plaintiff complied with the service requirement in Rule 55(b)(2).  *See Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (mailings to last known address were sufficient for service where plaintiff did not heed warnings to update address); *accord Heidelberg v. City of Erie Police Dep't*, 678 F. App'x 65, 68 (3d Cir. 2017).

Turning to the magistrate judge's review of the factors for whether the "extreme sanction" of default judgment is warranted, the Court agrees that it is not warranted here.  Plaintiff offers no meaningful objection to the magistrate judge's analysis of those factors.  Plaintiff argues that the magistrate judge did not discuss the fact that, at a pretrial conference hearing in October 2023, Defendant expressed a desire to not have any contact with Plaintiff.[1]  Plaintiff surmises that this desire makes Defendant's failure to update his address look more like intentional conduct than excusable neglect.  That may be so, but it is not the only reasonable interpretation, particularly considering Defendant's expressed desire to obtain an attorney and his past effort to vacate the previous default judgment entered against him.  At the end of the day, the record is too thin to find willful misconduct rather than excusable neglect.

In short, even if Plaintiff properly served the motion for default judgment on Defendant, the Court agrees with the magistrate judge that default judgment is not appropriate at this stage.  Consequently, the Court will adopt the recommendation and deny the motion.

---

[1] The Court does not possess a transcript of that hearing, which was Plaintiff's obligation to obtain.  But for purposes of his objections, the Court accepts Plaintiff's representation as true.

5

### C. Motion for Summary Judgment

The magistrate judge concluded that the Court should deny Plaintiff's motion for summary judgment because it appeared that Defendant had not received a copy of the motion. The Court will deny the motion for slightly different reasons. The basis for Plaintiff's claim is that Defendant sexually assaulted him. In Defendant's sworn answer to the complaint, he adamantly denied the factual allegations against him, including Plaintiff's allegation that Defendant sexually assaulted Plaintiff. (*See* Answer to Compl., ECF No. 135.) Defendant presented a similar sworn statement to the Court of Appeals. (*See* Statement of Fact, ECF No. 121-2.) The Court can consider these documents when evaluating the summary judgment motion because they are part of the record of the case. Based on these documents, there is a genuine dispute of fact as to whether the assault occurred, rendering summary judgment inappropriate.

Plaintiff points to Defendant's failure to answer Plaintiff's interrogatories and requests for admissions, arguing they amount to admissions by Defendant about his alleged conduct. The magistrate judge noted that Defendant did not receive these documents because he had been released on parole by the time that Plaintiff mailed them. But Plaintiff argues that, for the reasons discussed above regarding Rule 5 of the Federal Rules of Civil Procedure, whether Defendant received these documents does not matter because Plaintiff properly served them on Defendant. Even so, courts are reluctant to grant summary judgment against a pro se party based solely on a failure to respond to requests for admissions, particularly where that party had no notice that such a failure would deem the requests admitted. *See Jones-Bey v. Conrad*, No. 3:16-cv-723-DJH, 2020 WL 2736436, at *4 (W.D. Ky. May 26, 2020) (citing cases). Likewise, this Court will not grant summary judgment to Plaintiff solely on the basis that Defendant did not respond to interrogatories and requests for admissions that he did not receive or (even if he did receive them) for which he was not warned that failure to respond would result in admissions in favor of Plaintiff. Indeed, it

6

is clear that Defendant disputes the factual allegations in Plaintiff's complaint. Granting summary judgment in these circumstances would exalt procedure over deciding a contested case on the merits. Thus, the Court will deny the motion.

### D. Motion to Compel

Plaintiff asks the Court to compel Defendant to respond to the interrogatories and requests for admissions, or in the alternative, to stay the period for discovery. The magistrate judge recommends denying the motion to compel because Defendant did not receive the discovery requests. Alternatively, the magistrate judge recommends granting a stay of the discovery period "pending an update in Kalchert's address." (R&R 19.) However, the Court notes that Plaintiff recently received an updated address for Defendant from the MDOC. (Letter from Pl., ECF No. 196.) The Court agrees that an order to compel would serve no purpose if Defendant has not received the discovery requests at issue. Consequently, the Court will deny the motion to compel. And in light of the new information about Defendant's address, the Court will not stay the discovery period. Instead, the Court leaves it to the magistrate judge's discretion to decide whether to extend the discovery period in light of that new information. In short, the Court will deny Plaintiff's motion.

### E. Motion for Order to Show Cause

Plaintiff asks the Court to enter an order for Defendant to show cause why the Court should not enter default judgment against him for failing to update his address. This motion is effectively the same as Plaintiff's motion for default judgment and will be denied because default judgment is not appropriate at this time.

As an alternative, the magistrate judge recommends entering an order to show cause why Defendant should not be sanctioned for failing to update his address, and he recommends sending that order to the supervisors responsible for overseeing Defendant's parole. The Court declines to

adopt this recommendation at this time because the updated address for Defendant potentially obviates the need to send a show cause order to the parole supervisors. The magistrate judge has authority to enter a show cause order if and when he decides it appropriate to do so. The Court leaves that decision to the discretion of the magistrate judge.

In summary, the Court will deny Plaintiff's motions. In light of the new information about Defendant's address, the Court leaves it up to the magistrate judge to decide whether to extend discovery and whether and when to enter an order requiring Defendant to show cause for failing to update his address.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 180) is **APPROVED** and **ADOPTED IN PART** as the opinion of the Court as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiffs' motions for default judgment (ECF No. 167), for summary judgment (ECF No. 170), to compel (ECF No. 175), and for an order to show cause (ECF No. 176) are **DENIED**.

Dated: July 2, 2024                              /s/ Hala Y. Jarbou
                                                 HALA Y. JARBOU
                                                 CHIEF UNITED STATES DISTRICT JUDGE